IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60501
Summary Calendar

_____

THOMAS MALLORY,

                                        Plaintiff-Appellant,

versus

LINDA STONE, Supreme Court Clerk,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:95-CV-780-BN
- - - - - - - - - -

September 22, 1998

Before DAVIS, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Thomas Mallory, Mississippi state prisoner # EF354378, seeks
leave to proceed in forma pauperis (IFP) in the appeal of the
dismissal of his civil rights complaint as frivolous.  By moving
for IFP, Mallory is challenging the district court's
certification that IFP status should not be granted on appeal
because his appeal is not taken in good faith.  See Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997).  Because Mallory has
not demonstrated that he will raise a nonfrivolous issue on

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appeal, his motion to proceed IFP is DENIED.  See Howard v. King,

707 F.2d 215, 220 (5th Cir. 1983).  Mallory's motions for the

appointment of counsel and for time to engage in discovery also

are denied.  Because the appeal is frivolous, it is DISMISSED.

5TH CIR. R. 42.2.

   A prisoner may not

> bring a civil action or appeal a judgment in
> a civil action or proceeding under this
> section if the prisoner has, on 3 or more
> prior occasions, while incarcerated or
> detained in any facility, brought an action
> or appeal in a court of the United States
> that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).  In addition to the district court's

dismissal of the instant civil rights complaint as frivolous and

to this court's dismissal of this appeal as frivolous, Mallory

has had at least five additional civil rights complaints

dismissed as frivolous.  See Mallory v. Herring, No. 97-CV-59

(N.D. Miss. Oct. 10, 1997); Mallory v. Riley, No. 95-CV-170 (N.D.

Miss. Dec. 11, 1997); Mallory v. Riley, No. 95-CV-171 (N.D. Miss.

Nov. 4, 1997); Mallory v. Riley, No. 95-CV-163 (N.D. Miss. Nov.

4, 1997).  Because Mallory has more than three "strikes," except

for cases involving an imminent danger of serious physical

injury, Mallory is barred from proceeding further under § 1915.

See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).

He may proceed in subsequent civil cases under the fee provisions

of § 1911-14.

IFP DENIED; MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR ADDITIONAL TIME TO ENGAGE IN DISCOVERY DENIED; APPEAL DISMISSED; § 1915(g) SANCTION IMPOSED.